IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ERROL M WINDHOM,                      :
                                      :
              Plaintiff,              :
                                      :
v.                                    :     Case No. 5:25-cv-518-MTT
                                      :
CLIFTON WOODY, *et al.*,              :
                                      :
              Defendants.             :
                                      :

## ORDER

Pending before the Court is a pleading filed by *pro se* Plaintiff Errol M. Windhom, a prisoner in the Riverbend Correctional Facility in Milledgeville, Georgia, that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C § 1983 (ECF No. 1). Plaintiff has paid the required filing fee in this case, and his claims are ripe for screening pursuant to 28 U.S.C. § 1915A. After conducting this review, the Court finds Plaintiff's Complaint must be **DISMISSED without prejudice.**

### PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

I.      Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still,

the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

2

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

  II.  <u>Factual Allegations</u>

  Plaintiff's claims arise from criminal proceedings against him in the Georgia state courts.  ECF No. 1 at 1.  Plaintiff alleges that on May 21, 2009, Defendant George Halliburton, Jr., a detective in Peach County, Georgia, took out a warrant for Plaintiff's arrest that accused Plaintiff of committing an armed robbery.  *Id.*  Plaintiff contends Defendant Halliburton "commit[ed] false declarations before grand jury or court" to obtain this warrant and an indictment.  *Id.* at 4; *see also* ECF No. 1-1 at 5 (suggesting that Defendant Halliburton perjured himself).  Plaintiff appears to believe that Defendant Halliburton must have lied to obtain the arrest warrant and indictment because "there is nothing in [the victim's] statements to the police that [Plaintiff] had a gun or engaged in any way in the armed robbery that was committed." ECF No. 1-1 at 1.  Plaintiff also alleges that Defendants Woody and Simms, the district attorneys, conspired with Defendant Halliburton to indict Plaintiff for the armed robbery.  ECF No. 1 at 4; *see also* ECF No. 1-1 at 1 (contending that Defendants Woody and Simms "violated legal duty under Georgia

law and [their] constitutional oaths as well as Ga. rules of professional conduct that prohibits a prosecutor from knowingly offering false testimony, failing to disclose exculpatory information").  Plaintiff thus contends Defendants violated his constitutional and statutory rights, although it is not entirely clear what relief he seeks as a result.[1]  *See* ECF No. 1 at 1-4.

III.    Plaintiff's Claims

A,    *Claims Related to Invalidity of Indictment and Brady Violations*

First, Plaintiff contends that Defendant Halliburton caused an unlawful indictment to issue and that Defendants Woody and Simms withheld exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  ECF No. 1-1 at 1.  These claims implicate the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*.  If a judgment on the prisoner's behalf would necessarily imply the invalidity of the prisoner's conviction or sentence, the complaint must be dismissed unless the prisoner "can demonstrate that the conviction or sentence has already been invalidated."  *Id.*

---

[1] The Court notes that Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973).  "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck*, 512 U.S. at 481.  Thus, to the extent Plaintiff seeks his release from prison as a remedy for the constitutional violations he alleges, such relief is not available in a § 1983 case. Plaintiff also previously filed a petition for federal habeas corpus relief in this Court, but the Court denied this petition. *See generally Windhom v. Hall*, ECF No. 23 in Case No. 5:15-cv-380-MTT-CHW (M.D. Ga. Sep. 29, 2016) (adopting recommendation to deny Plaintiff's petition for writ of habeas corpus).

If Plaintiff's allegations that any Defendants caused him to be convicted under an illegal indictment were to result in a successful judgment on his behalf, then that judgment would necessarily imply the invalidity of his state-court conviction. *See, e.g., Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (noting that *Heck* would bar claims based on "the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"); *see also Trupei v. United States*, 304 F. App'x 776, 784-85 (11th Cir. 2008) (holding that plaintiff's claims that defendants "improperly or unlawfully caused him to [be] indicted, tried, convicted, and sentenced" would be *Heck*-barred because such claims "essentially sought to invalidate his conviction and sentence").

Likewise, if Plaintiff were to prevail on his claims that Defendants withheld exculpatory information, his success would necessarily imply the invalidity of his state-court conviction. *See, e.g., Heck*, 512 U.S. at 479, 490 (affirming dismissal of the prisoner's § 1983 claims based, in part, on the alleged destruction of exculpatory evidence); *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 695-96 (4th Cir. 2015) (holding that "§ 1983 actions based on *Brady* claims" are barred by *Heck* because "a *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment" (citation omitted)). Plaintiff's claims are therefore *Heck*-barred unless he can show that his conviction or sentence was previously invalidated. *Heck*, 512 U.S. at 487. Plaintiff has failed to make such a showing, and his claims regarding his indictment and *Brady* violations must therefore be dismissed.

###### B.      Claims Regarding Falsified Arrest Warrant Affidavit

Plaintiff also suggests that Defendant Halliburton falsified his affidavit for an arrest warrant. *See* ECF No. 1 at 1. This allegation could give rise to a claim that Defendant Halliburton violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. As the Eleventh Circuit has explained, "Because an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction," and *Heck* does not necessarily bar such claims. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). If, however, success on a Fourth Amendment claim would necessarily invalidate the underlying conviction, then *Heck* will still apply to bar the claim. *Id.* at 1160 n.2.

This is the latter type of case. Here, Plaintiff maintains that he was not involved in the armed robbery for which he was convicted; he essentially claims that he was simply a customer of the store that was robbed and that two other individuals actually robbed the store. *See, e.g.,* ECF No. 1 at 2-3. Success on Plaintiff's claim that Defendant Halliburton fabricated the basis for his arrest would thus necessarily undermine his conviction of the crime for which he was arrested. His claims are therefore barred by *Heck*. *Vickers v. Dohohue*, 137 F. App'x 285, 289-90 (11th Cir. 2005) (claims that probation officer falsified affidavit seeking revocation of plaintiff's probation were *Heck*-barred because "the relief being sought is not merely procedural, but goes directly to [the plaintiff's] factual innocence of the community control violation that landed him in county jail"); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that plaintiff's claims were

6

*Heck*-barred because they "rest[ed] on the contention that the defendants unconstitutionally conspired to convict him of crimes he did not commit").

Even if Plaintiff's Fourth Amendment claims against Defendant Halliburton are not barred by *Heck*, they would be barred by the applicable statute of limitations. The limitations period for filing a § 1983 claim is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261, 265-66 (1985). In Georgia, the proper limitations period for a § 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when the plaintiff knows or has reason to know he has been injured, and he is or should be aware of who injured him. *Id.* at 562 (citing *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)).

Applying these principles to this case, Plaintiff alleges that Defendant Halliburton swore out the arrest warrant on May 21, 2009. ECF No. 1 at 1. As noted above, Plaintiff maintains he is innocent of committing the armed robbery for which he was convicted. He therefore must have known that the information provided by Defendant Halliburton in the arrest warrant was false when he was arrested. But Plaintiff did not bring this claim in this Court until 2025, and he asserts no basis by which the applicable statute of limitations should be tolled. Thus, to the extent Plaintiff's Fourth Amendment claims are not barred by *Heck*, they would be barred by the statute of limitations and should be dismissed. *See Hughes*, 350 F.3d at 1163 (dismissal appropriate on statute of limitations grounds where

plaintiff pointed the court "to no particular reason why the statute of limitations might be tolled in his case" and the court could "discern none from the record"). [2]

### C.    Claims Barred by Prosecutorial Immunity

To the extent Plaintiff is attempting to sue Defendants Woody and Simms for "knowingly offering false testimony" and "failing to disclose exculpatory information," ECF No. 1-1 at 1, those claims are also barred by prosecutorial immunity. A prosecutor is "entitled to absolute immunity for 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state.'" *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). This immunity applies even if the prosecutor acted with a malicious or improper motive or intentionally acted in bad faith. *See Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009).

Although Plaintiff suggests that each of the prosecutor Defendants may have acted "outside his jurisdiction and is not protected under immunity," ECF No. 1 at 4, Plaintiff has not explained what he means by this allegation. Plaintiff's allegations instead confirm

---

[2] The Court also notes that Plaintiff's allegations that he was unlawfully detained pursuant to an invalid warrant or indictment are claims for malicious prosecution under § 1983. Malicious prosecution claims are claims "that an officer used a constitutionally deficient legal process," such as a defective warrant, "to effectuate an arrest." *Sylvester v. Fulton Cnty. Jail*, 94 F.4th 1324, 1330 (11th Cir. 2024). To establish a claim for malicious prosecution, a plaintiff must establish four elements: "(1) the plaintiff was seized under legal process; (2) the legal process justifying the plaintiff's seizure was constitutionally infirm; (3) the suit or proceeding terminated in the plaintiff's favor; and (4) the seizure would not otherwise be justified without legal process." *Gervin v. Florence*, 139 F.4th 1236, 1248 (11th Cir. 2025). Plaintiff's failure to establish that the conviction against him terminated in his favor is also fatal to any malicious prosecution claims he seeks to raise in this case.

that each prosecutor Defendant's allegedly unconstitutional "activities were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Imbler*, 424 U.S. at 430; *see also Hart*, 587 F.3d at 1295 ("Prosecutors have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions" (cleaned up)); *Porter v. White*, 483 F.3d 1294, 1305 n.8 (11th Cir. 2007) (noting that "[i]njury flowing from a procedural due process violation . . . that results from a prosecutor's failure to comply with the *Brady* rule cannot be redressed by a civil damages action against the prosecutor under § 1983 because the prosecutor is absolutely immune from such liability"). Defendants Woody and Simms are therefore entitled to absolute immunity from damages.[3] Plaintiff's claims against them must be dismissed.

---

[3] Although it is unclear what relief Plaintiff seeks in this case, he has also failed to establish a right to injunctive or declaratory relief against these Defendants. To do so, Plaintiff would have to "establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff has failed to allege that there is no "adequate remedy at law" for the violations he alleges; for example, Plaintiff could pursue his claims in a state habeas proceeding. *See, e.g., Danforth v. Chapman*, 771 S.E.2d 886, 887 (Ga. 2015) (affirming grant of habeas corpus relief based in part on *Brady* violations); *Washington v. Hopson*, 788 S.E.2d 362, 368 (Ga. 2016) (reviewing state habeas court's rulings as to whether prosecutor "presented testimony he *knew* to be false at trial, and failed to disclose evidence he *knew* to be exculpatory").

### D.      *Claims Arising Under Federal and State Criminal Law*

Finally, Plaintiff suggests that Defendant Halliburton violated several provisions of federal criminal law. *See* ECF No. 1 at 3 (citing 18 U.S.C. §§ 242, 1621, and 1623).[4] But federal "[c]riminal statutes generally do not provide a private cause of action." *Chen ex rel. V.D. v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (citing *Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002)). To the extent Plaintiff attempts to assert claims under these statutes, he has therefore failed to state a claim. *See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies.");[5] *see also Chen*, 364 F. App'x at 536 (affirming dismissal of claims raised under 18 U.S.C. § 242); *Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) (affirming dismissal of causes of action based on 18 U.S.C. §§ 1621 and 1623 because "there is no private cause of action" under those criminal statutes).

Plaintiff also appears to raise claims under the Georgia state criminal code. *See* ECF No. 1 at 3 (citing O.C.G.A. §§ 16-10-20 and 16-10-20.1). These statutes do not provide Plaintiff with a private right of action under Georgia law. *See, e.g., Wilson v. State*, 730 S.E.2d 500, 508 n.4 (Ga. App. 2012); *Faust v. Smith*, CIVIL ACTION NO. 1:24-CV-

---

[4] To the extent Plaintiff seeks to pursue this case under federal or state criminal law, he does not have standing to do so. The United States District Courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987). Plaintiff, a private citizen, likewise has no power to originate criminal pleadings on his own initiative. *Id.*

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

3209-SEG, 2024 WL 6910419, at *3 (N.D. Ga. Nov. 20, 2024) (finding that O.C.G.A. § 16-10-20.1 "do[es] not confer a private right of action for Plaintiff to sue").  Even if they did, however, the Court would decline to exercise supplemental jurisdiction over any state law claims Plaintiff is attempting to assert.  *See* 28 U.S.C. § 1367(c)(3) (stating that the district courts "may decline to exercise supplemental jurisdiction over" state law claims if "the district court has dismissed all claims over which it has original jurisdiction").  These claims should also be dismissed.

<strong>CONCLUSION</strong>

For the foregoing reasons, Plaintiff's claims must be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 21st day of May, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT